IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAY HANNAH

       Plaintiff,

v.                                        Case 1:16-cv-00435 KK/SCY

SANDIA CORPORATION,

       Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
FOR VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT**

Defendant Sandia Corporation, by and through its attorneys, hereby answers Plaintiff's Complaint For Violations of the New Mexico Human Rights Act as follows:

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff was sixty-four years old in July 2014, but clarifies that the termination of his employment was subsequently converted to an unpaid disciplinary suspension, and that Plaintiff's employment formally terminated when he retired on March 8, 2015 at the age of sixty-five.

6. Defendant admits that the action is brought pursuant to the New Mexico Human Rights Act. Defendant denies that the action asserts any claims under common law, and denies that the New Mexico Second Judicial District Court has jurisdiction over the parties and subject matter of the action.

7. Defendant denies that venue is proper in the New Mexico Second Judicial District Court.

8. Defendant admits that Plaintiff filed a Charge of Discrimination on or about October 15, 2014. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint accurately describes the allegations asserted in Plaintiff's Charge of Discrimination.

10. Defendant admits that Plaintiff's Charge of Discrimination was transferred to the New Mexico Human Rights Bureau for investigation. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. In response to the allegations in Paragraph 16 of the Complaint, Defendant affirmatively states that Plaintiff worked for Defendant for approximately 13 years.

17. Defendant admits that Plaintiff had received no formal discipline from Defendant prior to his termination.

18. Defendant admits that Plaintiff's co-worker negatively discussed Plaintiff's work performance with his supervisors. Defendant denies that these discussions in any way related to Plaintiff's age, and denies that any harassment—age-related or not—occurred.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant is without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff informed James Lucero about his alleged injury and that he missed work due to his alleged injury. Defendant denies that Plaintiff informed James Lucero that his alleged injury may require surgery.

24. Defendant is without sufficient information to admit or deny whether Plaintiff was in extreme pain. Defendant admits that Plaintiff exhausted his Paid Time Off and accrued Vacation. Defendant denies that Plaintiff exhausted his paid sick leave. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff falsely informed James Lucero that he was selected for a jury. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegation in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant admits that on July 28, 2014, Defendant informed Plaintiff of the decision to terminate Plaintiff's employment effective July 29, 2014 for falsely representing that he was on jury duty, and for fraudulently charging 35.5 hours of time away from work accordingly.

32. Defendant admits the allegations in in Paragraph 32 of the Complaint, but affirmatively denies that any of the other employees referenced in the list provided to Plaintiff's union representative were similarly situated to Plaintiff.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

### Count 1: Violation of the New Mexico Human Rights Act (Age Discrimination)

35. Defendant realleges and incorporates by reference its responses to all other paragraphs.

36. Defendant admits the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

### Count 1: Violation of the New Mexico Human Rights Act (Retaliation)

39. Defendant realleges and incorporates by reference its responses to all other paragraphs.

40. Defendant denies the allegation in Paragraph 40 of the Complaint.

41. Defendant denies the allegation in Paragraph 41 of the Complaint.

42. Defendant denies the allegation in Paragraph 42 of the Complaint.

43. Defendant denies the allegation in Paragraph 43 of the Complaint.

44. Defendant denies the allegation in Paragraph 44 of the Complaint.

45. Defendant denies the allegation in Paragraph 45 of the Complaint.

46. In response to Plaintiff's unnumbered Conclusion and Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever.

### ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim, at least in part.

2. Plaintiff's claims are barred by the federal enclave doctrine.

3. To the extent Plaintiff failed to mitigate his damages, his recovery, if any, would be limited.

4. Defendant at all material times acted in good faith, without evil motive or intent and without reckless or callous indifference to the rights of others.

5. Plaintiff's complaint, at least in part, is barred by the doctrine of laches and the statute of limitations.

6. Plaintiff's claims are barred or limited by the doctrine of unclean hands.

7. Plaintiff's claim for punitive damages is barred or limited by one or more of the following: the United States Constitution, the New Mexico Constitution, the New Mexico Human Rights Act, public policy, and common law.

8. Defendant made a good faith effort to comply with the law and prevent unlawful discrimination.

9. Defendant's decisions regarding Plaintiff's employment were legitimate and non-discriminatory.

10. Plaintiff's claims for damages are limited by statutory damage caps.

11. All allegations in the Complaint not specifically admitted are denied.

For the foregoing reasons, Defendant asks that this lawsuit be dismissed in its entirety with prejudice and that the Court grant such other relief to Defendant as the Court may find appropriate.

    Respectfully submitted,

    By  */s/ Justin E. Poore*
        Justin E. Poore
    SANDIA CORPORATION
    1515 Eubank SE
    Mail Stop 0141
    Albuquerque, New Mexico 87123-0141
    Tel:  (505) 284-6336
    Fax:  (505) 844-2363
    jepoore@sandia.gov

    Cindy Lovato-Farmer
    Tel:  (505) 284-5284
    cinlova@sandia.gov
    ***ATTORNEYS FOR DEFENDANT***

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing Defendants' Answer to Plaintiff's Complaint for Violations of the New Mexico Human Rights Act was filed electronically with the court through CM/ECF on this 18th day of May, 2016, which caused the following Parties or Counsel to be served by electronic means:

  Stephen Curtice
  stephen@youtzvaldez.com
  Shane Youtz
  shane@youtzvaldez.com
  James Montalbano
  james@youtzvaldez.com
  900 Gold Avenue SW
  Albuquerque, NM 87102
  505-244-1200

          */s/ Justin E. Poore*
         Justin E. Poore